David J. McGlothlin, Esq. (SBN 026059)
david@westcoastlitigation.com
**Hyde & Swigart**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Ryan L. McBride, Esq. (SBN 032001)
ryan@kazlg.com
**Kazerouni Law Group**
2633 E. Indian School Road, Suite 460
Phoenix, AZ 85016
Telephone: (602) 900-1288
Facsimile:   (800) 520-5523

Attorneys for the Plaintiff
Sherry Simms

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

|  |  |
|---|---|
| Sherry Simms, on behalf of herself and all others similarly situated, | **COMPLAINT FOR DAMAGES** |
|  | **[CLASS ACTION]** |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. |  |
| Nationstar Mortgage, LLC, |  |
| Defendant. |  |

INTRODUCTION

1.    The United States Congress has also found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy.  The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.  The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2.    Sherry Simms, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Nationstar Mortgage, LLC ("Defendant"), with regard to Defendant's unauthorized and unlawful credit inquiry, and this conduct caused Plaintiff's damages.

3.    Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.    While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.   Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

### JURISDICTION AND VENUE

6.   Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for any supplemental state claims.

7.   This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. ("FCRA").

8.   Because Defendant is a foreign limited liability company registered with the Arizona Secretary of State and conducts business within the State of Arizona, personal jurisdiction is established.

9.   Venue is proper pursuant to 28 U.S.C. § 1391 as events leading to this cause of action occurred in the County of Maricopa, State of Arizona.  In addition, Defendant conducts business in the County of Maricopa, State of Arizona.

### PARTIES

10.   Plaintiff Sherry Simms is a natural person who resides in the City of Chandler, County of Maricopa, State of Arizona.

11.   Defendant is a registered business with the Arizona Secretary of State and carries out daily transactions with numerous customers in the District of Arizona.

12.   Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

13.   Plaintiff is informed and believes, and thereon alleges, that Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

14.   Plaintiff is informed and believes, and thereon alleges, that Defendant acquired Plaintiff's credit information through an unauthorized inquiry of

Plaintiff's "consumer report" as that term is defined by 15 U.S.C. 1681a(d)(1).

### STATUTORY BACKGROUND

15. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

16. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies.  Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."  15 U.S.C. § 1681(a)(4).

17. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

18. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

19. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained

for a purpose for which the consumer report is authorized to be furnished under this section."

20. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer.  See 15 U.S.C. § 1681b(a)(3)(A)-(F).

<h2 align="center">FACTUAL ALLEGATIONS</h2>

21. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

22. At all times relevant, Defendant was a registered business with the Arizona Secretary of State and carried out daily transactions with numerous customers in the District of Arizona.

23. On or about September 3, 2009, Plaintiff jointly filed for a Chapter 13 Bankruptcy as a married couple in the U.S. States Bankruptcy Court, District of Nevada, Case number 2:09-bk-26505.

24. In Plaintiff's bankruptcy filing, Defendant was included as a creditor.

25. Defendant voluntarily joined as a creditor in Plaintiff's chapter 13 bankruptcy and was served notice of Plaintiff's discharge.

26. Defendant also affirmatively made several filings in Plaintiff's bankruptcy case including "Assignment/Transfer of Claim filed by Nationstar Mortgage, LLC" and "Notice of Assignment of Claim and Pending Order filed by Nationstar Mortgage, LLC".

27. Plaintiff's bankruptcy discharge occurred on January 21, 2015.

28. As a listed creditor in Plaintiff's bankruptcy schedules, Defendant also received notice of Plaintiff's discharge.

29.   On or about June 21, 2016, Defendant made an account inquiry accessing Plaintiff's Trans Union credit report indicating a permissible purpose of "Account Review".

30.   Plaintiff did not conduct any business nor incur any additional financial obligations with Defendant since the date of the discharge of her bankruptcy.

31.   15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

32.   Since any alleged debt owed to Defendant was discharged in bankruptcy, an account review by Defendant was not a permissible purpose to access Plaintiff's consumer report information.

33.   Defendant's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

34.   Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA.

35.   Since Defendant had notice of Plaintiff's bankruptcy and should have been aware the debt was no longer owed, Defendant's actions were willful.

36.   Defendant's actions were willful under 15 U.S.C. §§ 1681n because Defendant was aware of the FCRA's prohibitions on impermissibly pulling consumers' credit reports.  *See Doe v. Sentech Employment Services, Inc.*, E.D. Mich. May 16, 2016) (*citing Singleton v. Domino's Pizza, LLC*, 2012 WL 245965, *4 (D. Md. Jan. 25, 2012) ("[A]ssertions that a defendant is aware of the FCRA, but failed to comply with its requirements, are sufficient to support an allegation of willfulness and to avoid dismissal.").

37.   Plaintiff suffered an invasion of a legally protected interest when Defendant accessed her highly confidential personal information on her credit report at a

time when Defendant had no right to do so, an invasion of Plaintiff's right to privacy. The FCRA, through 15 U.S.C. § 1681b, protects consumers like Plaintiff from this precise behavior.

38. Plaintiff has a common law right to keep her personal credit information private. *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the FCRA. Indeed, the common law tort of intrusion upon seclusion is preempted by the FCRA, and the FCRA expressly provides that Congress made the following finding: "There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality and a respect for the <u>consumer's right to privacy</u>." 15 U.S.C. §1681a(4) (emphasis added).

39. Plaintiff was affected personally because when Plaintiff realized the behavior of Defendant described above (pulling her credit report without any authorization), Plaintiff felt that her privacy had been invaded and that her personal and private information had been disclosed to Defendant, who had no right to Plaintiff's private information. Defendant's behavior caused Plaintiff to suffer mental and emotional distress as a result of Defendant's invasion of Plaintiff's privacy.

40. The injury suffered by Plaintiff is concrete because Defendant's violation of 15 U.S.C. § 1681b caused Plaintiff to suffer from Defendant's invasion of Plaintiff's privacy. In enacting 15 U.S.C. § 1681b, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on access to consumers' sensitive financial information in their credit reports.

41. Further, Defendant increased the risk that Plaintiff will be injured if there is a data breach on Defendant's computer systems by acquiring additional highly

sensitive information about Plaintiff and saving that information onto its computer system.  Data breaches are increasingly common (see, e.g., Data Breaches, Kerbs, available at http://krebsonsecurity.com/category/data-breaches/), and financial institutions like Defendant are frequent targets of cybercriminals (see, e.g., The Top 8 Largest Date Breaches in the Financial Services Industry, Association of Certified Financial Crime Specialists, available at http://www.acfcs.org/the-top-8-largest-data-breaches-in-the-financial-services-industry/).

42.  As such, Plaintiff is entitled to the remedies available under 15 U.S.C. §1681n and 15 U.S.C. § 1681o.

## Class Action Allegations

43.  Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

44.  Plaintiff represents, and is a member of the Class, consisting of:

> All persons with addresses within the United States within the past five (5) years whose consumer credit report from any of the three major credit reporting agencies (Transunion, Equifax, and Experian) reflects an unauthorized consumer credit report inquiry by Defendant after bankruptcy discharge.

45.  Defendant and its employees or agents are excluded from the Class.  Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds, if not more. This matter should therefore be certified as a Class action to assist in the expeditious litigation of this matter.

46.   Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, engaged in illegal and deceptive practices, when it submitted an unauthorized consumer report inquiry under 15 U.S.C. § 1681 et seq. Plaintiff and the Class members were damaged thereby.

47.   This suit seeks only recovery of actual and statutory damages on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

48.   The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

49.   There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

50.   Whether, within the five years prior to the filing of this Complaint, Defendant or its agents submitted any consumer credit report inquiries after the accounts of members of the Class have been discharged; and

51.   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations.

52.   As a person who suffered an unauthorized consumer credit report inquiry by Defendant on her credit report, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interest of the Class in that Plaintiff has no interests antagonistic to any

member of the Class.

53.   Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

54.   Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Fair Credit Reporting Act.

55.   A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

56.   Defendant has acted on grounds generally applicable to the Class, thereby making appropriate declaratory relief with respect to the Class as a whole.

**CAUSES OF ACTION**

**COUNT I**

**FAIR CREDIT REPORTING ACT (FCRA)**

**15 U.S.C. §§ 1681 ET SEQ.**

57.   Plaintiff and the putative class repeat, re-allege, and incorporate by reference, all other paragraphs.

58.   The foregoing acts and omissions constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to

each and every one of the above-cited provisions of the FCRA, 15 U.S.C §
1681.

59.   As a result of each and every negligent violation of the FCRA, Plaintiff and
      class members are entitled to actual damages as the Court may allow
      pursuant to 15 U.S.C. § 1681o(a)(1); statutory damages pursuant to 15
      U.S.C. § 1681n(a)(1); and reasonable attorney's fees and costs pursuant to 15
      U.S.C. § 1681o(a)(2) from Defendant.

60.   As a result of each and every willful violation of the FCRA, Plaintiff is
      entitled to actual damages or damages of not less than $100 and not more
      than $1,000 and such amount as the court may allowed for all other class
      members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the
      court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable
      attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from
      Defendant.

### PRAYER FOR RELIEF

61.   **WHEREFORE,** Plaintiff prays that judgment be entered against Defendant,
      and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR CREDIT REPORTING ACT (FCRA)

### 15 U.S.C. §§ 1681 ET SEQ.

62.   An award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

63.   An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

64.   An award of punitive damages as the Court may allow pursuant to 15 U.S.C.
      § 1681n(a)(2); and

65.   An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA.

### TRIAL BY JURY

66.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.


Date: November 2, 2016                                    **Kazerouni Law Group**

                                                          By: /s/ Ryan L. McBride_____
                                                          Ryan L. McBride
                                                          Attorney for the Plaintiff and
                                                          Putative Class